IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36422-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RANDALL GONZALEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — This court allowed Randall Gonzalez an appeal from his 2005 convictions for fourth degree assault and violation of a no contact order. He now gets the benefit of a change of law. We remand to strike certain financial obligations from the judgment.

The notice of appeal was filed in late 2018. Our commissioner granted the untimely appeal due to lack of evidence that Mr. Gonzalez was advised of his right to appeal. The State did not challenge that ruling and subsequently filed a brief waiving argument. Appointed counsel filed a brief asking only that $160 in discretionary court costs be struck from the judgment.

After the crimes involved here were committed, the legislature amended the statutes governing imposition of financial obligations on criminal defendants. In *State v.*

No. 36422-4-III
*State v. Gonzalez*

*Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018), the Washington Supreme Court ruled that the amendments were retroactive and applied to all sentencings that were not final on the effective date of the new legislation, June 7, 2018. LAWS OF 2018, ch. 269. The effect of our Commissioner's ruling allowing the appeal is that Mr. Gonzalez's sentence was not final. *Ramirez* thus dictates that the change of law applies to this case.

We remand for the trial court to strike the $160 in discretionary court costs.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Pennell, A.C.J.

_____
Siddoway, J.

2